WILLIAM J. AUSTIN & CO. *vs.* SAMUEL T. FEAMSTER.

As a general rule, an agent is a competent witness not only to establish a parol authority, but to prove the contract.

S. on being introduced as a witness, and sworn on his *voire dire*, stated that he was not interested in the event of the suit; that in case the plaintiff succeeded, he did not know whether he would be liable to the defendant for the amount recovered or not; that he had acted as agent for the defendant; that the authority under which he had acted was given him in writing, but he did not know where it was—*held*, that he was not an incompetent witness.

Error from the Madison circuit court.

This was an action of assumpsit for lumber sold and delivered. Several points were assigned for error and argued at length by counsel, but as the opinion of the court turns upon one of them alone, we shall only notice those portions of the record and arguments that refer to that point.

The plea filed in the case was non assumpsit. The plaintiffs filed a bill of discovery against the defendant, which was answered—(the controversy on that subject, however, we omit.) The plaintiffs then introduced N. W. Staples, who being sworn on his *voire dire*, was asked by defendant's counsel, whether he was interested in the event of the suit? to which he answered he was not. Upon further examination, the witness, on being asked by defendant's counsel whether he did not believe in the event the plaintiffs recovered judgment against defendant, he, the witness, would be liable over to defendant? responded, that he did not know. Witness was then asked whether he purchased the lumber in question on his own account, or that of defendant? He answered, that he purchased it on account of defendant. On being asked by what authority he purchased the lumber for defendant, he answered on the authority of defendant's order. The witness was then asked to produce the order, to which he replied that he did not know where it was. The defendant's counsel then objected to the competency of

Austin & Co. *v.* Feamster.

the witness by his own oath, to prove his agency, and the objection being sustained by the court, the plaintiffs excepted.

The jury found for the defendant, and the plaintiffs brought the case to this court for revision.

*N. Calliham*, for plaintiffs.

If the witness, Staples, was interested at all in the event of the suit, his interest was equally ballanced. .

If Staples would be liable to the defendant, on the recovery of the plaintiffs, he would be equally liable to the plaintiffs, in case they failed to recover in the action from the defendant.

Where the interest of a witness is equally balanced, he is competent, and the objection only goes to his credibility; the court erred, therefore, in excluding the testimony of Staples from the jury.

*Howcott*, for defendant in error.

The principal point in this cause is to be found in the first error assigned, touching the competency of N. W. Staples, called as a witness on part of the plaintiffs in error in the court below. When sworn on his *voire dire*, he stated, among other things, that he purchased the lumber—which is the foundation of plaintiffs' action—as agent of defendant, and by virtue of his written authority, which being called for, was not produced. He was clearly incompetent, in the first place, so long as there existed better evidence, unproduced, and not accounted for. This point is so well settled as to require only to be stated. See 2 Stark. 54–5. &c. &c. He was incompetent, in the second place, by reason of his interest in the record, which would be evidence for him in a suit against himself. See 3 Starkie, 1647, title vendor and vendee, competency, and note G. Ib. 1729, title witness, incompetency, second American edition, and the authorities then cited. A contrary doctrine would lead to frauds without number. How easy to use the names of solvent persons, in the purchase of goods, to any amount, under the pretence of agency, and to fix their liability by the oath of the pretended agent; and how impossible to negative that. liability

on the part of the alledged principals by countervailing testimony. It might happen that the supposed principals had never seen or heard of the party claiming to be their agent; in what possible way can this be established? In every view of such a case, they are most clearly in the power of the corrupt pretender. Again, how much more consonant with the principles of reason and justice, that the indiscreet vendor should be compelled to look to the pretended agent, or be himself the loser by his imprudence in omitting to examine his purchaser's authority? Besides, a bad man, disposed to practice such frauds, could always find a vendor of his own stamp, ready to collude with him in thus defrauding honest and solvent men; their own witness, and the keepers of their own secret, in ninety-nine out of a hundred cases, they would have no fear of detection by the party injured. It were tedious, and is believed useless, to explore further the many mischiefs with which such a doctrine is pregnant. It is plainly a license to bad men to plunder at will.

But to return. The witness was clearly interested in the particular question agitated at the trial; since had he been sued instead of defendant, he would have been liable in the absence of proof of agency; and this could not have been established by his own oath. On this subject, see 3 Starkie, 1729. The note by the editor, referring to page 62, vol. 2, is not sustained by the principle thus stated. The author says, "an agent may generally rebut an action against himself by proof that he acted on the footing of an agent, and was so understood." Here, the agent was himself the defendant, and it will be hardly contended that he was competent to testify in his own case. Moreover, the agent was understood to be such, and credit was given to the principal. If, however, the court should be of a different opinion, still the principle is laid down as a general one, to which the authorities cited above are all exceptions, and are so stated to be. Besides, the principal not having been sued, no opportunity existed to put in issue the agent's authority. It may be safely admitted, it is believed, as a general rule, that an agent is competent to prove his own authority, without

Austin & Co. *v.* Foamster.

in any degree, impairing the force of the principle contended for by the defendant in error.  He might always be competent (when his authority was not put in issue by the alledged principal,) for the purpose of proving sale, price and delivery; but surely in no case where the question is, which shall be liable, the party claiming to be agent, or the person charged as principal?  An important distinction obtains here, (which it is believed is fully sustained by the authorities,) between the proof of the fact of agency, and the proof of some particular direction under it, assuming the agency established.  In the former, it is a matter of deep interest with the witness to shift the responsibility from his own shoulders; in the latter, there would be no danger of being made personally liable for obeying the directions of his principal.  See 3 Starkie, 1732, edition first cited, title, witness, incompetency.

*N. Calliham*, for plaintiffs in error.

Appellants insist that the circuit court erred in refusing to give the charge to the jury as asked for by the appellant's counsel, to wit, " that the jury had a right to take such material parts of the appellant's bill as had not been answered for, confessed by defendant, and find their verdict accordingly."  The act of 1828, p. 162, H. & H. 606, § 30, fully authorizes the filing the petition or bill, for the discovery of Samuel T. Feamster's evidence.

The statements and charges in the bill or petition, are, " that defendant( Samuel T. Feamster) authorized N. W. Staples, as defendant's agent, to purchase of the appellants, the bill of lumber mentioned and filed with the appellant's declaration in the case; and that the same was so purchased and used by the defendant, in his buildings and improvements in Canton."  This is not answered.  H. & H. 607.  H. R. 600.

The act of the agent, within the scope of his authority, is the act of the principal; therefore the above allegations in the record of the bill are material, and should have been taken for confessed, as they were not responded to.

This is the main point in the case at bar, and appellants insist it has been fully decided in their favor, in the case of *Taylor*

v. *Matchell*, reported in 1 Howard's R. 600, where the court say, " No rule is better settled than that the material allegations in a bill, which are neither admitted nor denied by the answer, are to be taken as true." This, surely, is decisive of the case at bar in favor of the plaintiffs.

Samuel T. Feamster's answer does not admit or deny the above quoted material allegations of the bill. The case, therefore, comes within the principle decided in the case of *Taylor* v. *Matchell*, above referred to, and is in favor of the plaintiffs.

The answer says: " This respondent made himself no purchases of lumber from plaintiffs or their agents." This is no answer to the material allegations of the bill. The bill does not charge that Samuel T. Feamster himself, personally, purchased the lumber. The charge is, that he purchased, received, and used the lumber, by and through N. W. Staples, his authorized agent, &c.

The other parts of the defendant's answer, stating a contract with N. W. Staples, to build a store-house and office for a stipulated sum, and to furnish all the lumber, and of conversations passing between them in relation to lumber, to Walker's note, Robinson's mills, &c., are evasive of, and wholly irrelevant to the material statements of facts charged in the bill of discovery, and amount to no answer of the same. The court, therefore, erred in refusing to let the bill be read to the jury, and in refusing to give the charge asked by the plaintiffs. See 1 H. R. 600.

The court erred in sustaining the objections of the defendant to the charge asked by plaintiffs, and giving the charge asked by the defendant, to wit, " That the answer of Samuel T. Feamster was complete, and that, as such, said answer was the only proper evidence for the consideration of the jury."

Now the plaintiffs contend that it is the peculiar province of a jury to find the facts, and that notwithstanding the court found the facts in the case at bar, to wit, that the answer was complete, and only evidence, &c., still this finding and charge of the court, upon the weight of evidence, are wholly wrong; because the record of the bill and answer, shows a different state of things, and that the answer neither admits or denies the material charges of the bill. 1 H. R. 600.

Austin & Co. *v*. Feamster.

And, secondly, the plaintiffs contend that N. W. Staples, the witness, was improperly excluded as an interested witness, from giving evidence in the cause. 1. Because if Staples would be liable to an action (by the defendant in the case) on the recovery of the plaintiffs in the case at bar, he would also be equally liable to an action from the plaintiffs, on their failure in the case at bar.

His interest, if interested at all, is equally balanced between the plaintiffs and defendant, and he ought, therefore, to have been permitted to prove the account before the jury. See *Ilduton* v. *Atkinson*, 7 T. R. 480. *Evans* v. *Williams*, 7 T. R. 481, n.c. *Birt* v. *Kukshaw*, 2 East. 458. N. Peake, Ev. 165, 171. As to the equipoise of the interest of a witness, see, also, 1 Starkie Ev. 97, side page, 119. 2 Mass. R. 108. 1 Bibb, 298.

Interest to produce disqualification of a witness, must be vested or certain, and not remote, possible or contingent. See N. Peake, Ev. 171. 1 T. R. 163. 4 J. R. 128. 2 J. R. 394.

An agent is competent to prove his agency. See 1 Bailey's R. 201. 7 T. R. 480. *Covington* v. *Bussey*, 4 M'C. 412. *Sher* v. *Prescott*, Aik. 248. *Matthews* v. *Haden*, 2 Esp. cas. 509.

The witness being sworn, on his *voir dire*, said he was not interested in the event of the suit. 2. That he did not know whether, in case the plaintiffs recovered in the suit at bar, he would be liable to the defendant or not. 3. That he was authorized by the defendant, as agent, to purchase the lumber, and had got the lumber for the defendant, by the authority of the defendant's order; and, 4. That he did not know where the order was.

The plaintiffs contend that the defendant failed to prove by the witness, such an interest in the cause as rendered him incompetent, and that he was, therefore, improperly excluded by the court from giving evidence in the cause. For which reason the judgment below should be reversed, and the cause remanded to the circuit court.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

This was an action of assumpsit, brought by the plaintiffs, to recover the price of a quantity of lumber. To prove their account, the plaintiffs introduced N. W. Staples as a witness, who being sworn on his *voir dire*, stated that he was not interested in the event of the suit. He was also asked whether, in case the plaintiffs succeeded, he did not believe he would be liable to the defendant for the amount recovered, to which he replied that he did not know. He was further asked whether he had purchased the lumber for the defendant, and if so, on what authority he had done so? He replied that he had purchased it for the defendant, and on his order; and being asked to produce the order, he stated that he did not know where it was. The defendant's counsel then objected to the witness as incompetent to testify, which objection was sustained.

It is clear, from the answers of the witness, that he did not believe himself interested, nor do the answers show any interest in the event of the suit. The question, then, is, whether the mere fact of his being the agent of the defendant, is, of itself, sufficient to exclude him? It does not appear that he would be liable either to one party or the other. If, however, he was liable, even to the defendant, in case the plaintiff succeeded, then he was called to testify against his interest, unless, on the other hand, he was liable to the plaintiff in case he failed; and in that case his interest was balanced, as, let the suit go as it might, he was liable to the losing party, which made him an indifferent witness.

As a general rule, it may be said that an agent is a competent witness, not only to establish a parol authority, but to prove the contract. 1 Phillips' Evidence, 731. 2 Ib. (Cowen & Hill's ed.) 97, note 89. 2 Saunders on Pleading and Evidence, 731. This rule is subject to exceptions, but there is nothing in this case which can exempt it from the operation of the rule. There is no showing that the witness had any interest whatever in the result of the controversy, apart from the mere fact that he was the agent who purchased the lumber. To disqualify an agent he must have an interest in the event of the suit.

Nor was the witness properly excluded because he did not produce the written order. That question was premature; it could only have arisen when it became necessary to determine whether it was proper to admit parol evidence of the authority which was given in writing. It was not an objection which could be urged against the general competency of the witness. There are cases in which it has been held that the written authority must be produced, but the application of this rule depends upon the character of the instrument. If this was a mere order to purchase so much lumber, it is probably in the possession of the plaintiff; but whether it is or not, its production was of little consequence, being of no higher dignity than a parol authority, and, particularly, at that stage of the cause.

This view of the first question raised, makes it unnecessary that we should examine the question which arose on the bill of discovery, as the court erred in excluding the witness. It may be that further examination would have shown a direct interest in the event of the suit, but, certainly, no such interest was shown.

The judgment must be reversed, and a new trial awarded.