## PORTER *v.* WALKER.

Where P. was indebted to a firm, and one W. was indebted to P. for work and labor performed, and P. drew an order on W. in favor of said firm, which was verbally accepted by the agent of W., and delivered to and kept by W., and there was no showing that the drawers ever knew of the making of the order, or that the debt which was owing by P. to them was unpaid, or that W. had ever paid the order, or otherwise promised or become liable to pay the same, or that the drawers consented to receive the same, or had done anything recognizing their right to the order, or that P. was insolvent; *Held*, That the execution of said order, and such acceptance, would not, under the circumstances, prevent P. from recovering against W. for his work and labor.

The acceptance of the said order, under the facts disclosed, was not payment of the plaintiff's claim.

Whether the firm could hold W. liable on this promise or acceptance, they not being present, or assenting thereto, independent of any proof of P.'s insolvency, *quere?*

Whether P. could revoke the authority given to W. to pay the firm, either before or after notice to them, *quere?*

Whether, granting that the firm could maintain such action against W., P. would thereby be barred from claiming and suing for his work and labor, before the firm had notice of such order, *quere?*

Where the testimony is not disclosed, and an instruction is refused, which, in a possible state of proof would be correctly refused, this court will not presume such refusal to be erroneous.

### *Appeal from the Des Moines District Court.*

THIS suit was brought to recover a balance due for work and labor, done by Porter for Walker, in roofing a building. The answer denies the petition, and claims damages on account of the failure of Porter to do the work according to contract.  Judgment for plaintiff.  All the testimony given on the trial, is not brought up.  A part of it is, however, which tends to show, that Porter was indebted to Warrens, of St. Louis, for materials furnished about the work done for defendant, for which they claimed a lien, and that plaintiff, executed the following instrument:  "Burlington, June 17, 1854.  M. O. Walker, Sir: You will please pay Messrs. C.

M. and H. M. Warren, or bearer, one hundred and seventy-nine dollars and seventy cents, and this will be good to you for the same, without offset or discount, for value received. Geo. C. Porter"—which order was verbally accepted by the agent of defendant, and through him, delivered to defendant. It was also admitted that the defendant had not paid the order, and there was no evidence that the Warrens named in the order, or their agent, knew of the existence of the same. The defendant asked the court to instruct the jury: "That if Porter executed the order in evidence to Walker, in favor of the Messrs. Warren, and Walker or his agent accepted the order, then plaintiff cannot recover of defendant the amount of said order." This was refused as asked, but given by the court as follows: "That if Porter executed the order in evidence on Walker, in favor of the Warrens, and afterwards Walker, or his authorized agents, accepted the same, this would be a payment in law, on the work done by Porter." To which refusal and instructions, defendant excepted, and now assigns the same for error.

*H. W. Starr*, for appellant.

*M. D. Browning*, for appellees.

WRIGHT, C. J.—What the entire testimony in this case was, we are not advised by the record. How far that testimony may have influenced the giving, and the refusing to give the instruction, we cannot tell. It is evident, however, that this order was sought to be used by defendant, for the purpose of proving payment to that amount on plaintiff's claim. Now, without anything to show us what the proof was, as to the indebtedness, from Porter to Warrens—whether that had, or had not been paid; without any evidence that Warrens ever knew, or acted upon the order, so as to show that they consented to the arrangement; but, on the contrary, when the record negatives such knowledge, and when it is pretty clearly shown, that Walker merely said he would pay the order, and put it in his pocket, and there

kept it, until the trial, we are asked to say, that the defend-
ant should have been allowed a payment to the amount of
the order on plaintiff's claim.   Some very nice and difficult
questions have arisen for the adjudication of courts, on cases
of a similar character to the one before us.  As, for instance,
whether the Warrens could hold Walker liable on this
promise, not being present or assenting thereto, independent
of any proof of Porter's insolvency; or whether Porter
could revoke the authority given to Walker, to pay this
amount, either before or after notice to the Warrens; or
whether, granting that the Warrens could maintain an
action, on such promise, Porter would also, by virtue of such
right, be barred from claiming and suing for the money,
before the Warrens had knowledge of the order?   And did
any or all of these questions legitimately arise on the record
before us, this court would, perhaps, not be unanimous.
That the instruction given by the court, was correct, we
have no doubt; and the only question, therefore, is, whether
the court erred, in refusing the instruction asked by the
plaintiff?   We cannot say that it did.   It is an abstract
proposition, that the execution of the order, and acceptance
by the payee, would prevent plaintiff's recovery to that
amount.   When it is admitted, that the Warrens had no
knowledge of it, and that it had not been paid; and when
we take into further consideration, the further fact, that
other testimony, besides this, may have been before the
court, to fully justify the refusal, it would be unsafe to de-
feat the plaintiff's recovery, by the application of an ab-
stract proposition, the entire pertinency of which, we have no
means of knowing.   Porter may have paid the debt he
owed the Warrens; Walker may, subsequently to obtaining
the order, have agreed to treat it as revoked; and indeed,
in many ways, we can see that the abstract proposition
would have been correctly refused: and yet there may
have been a state of proof, to fully sustain the modification.
There is no claim of payment in the answer; and, indeed,
how, or in what manner, the issues presented, were tried, is

left confused and indefinite.    Under the circumstances developed in this record, we cannot disturb the judgment.

Judgment affirmed.