## SPEERS v. FORTNER.

It is not error to expunge from an answer, matter of which a part is scandalous, and all is redundant and irrelevant.

Where it is assigned as error, that the court permitted a witness to testify who was incompetent, the record should disclose the substance of the testimony given by the witness, or that it was material.

A judgment will not be reversed, unless it is made apparent to the appellate court, that a new trial is necessary in order to correct some injury resulting from the judgment appealed from.

Where it does not appear with reasonable certainty, that the party complaining would be placed in a better condition, by giving him another trial, a new trial should not be granted.

The supreme court will not presume a state of facts in order to find error, but every presumption is in favor of the ruling in the court below.

Where in an action commenced by attachment, the plaintiff, on the trial, offered as a witness one of his sureties on the attachment bond, who was objected to by the defendant, on the ground of interest, but the objection was overruled, and the witness allowed to testify ; and where the record did not disclose the testimony given by the witness, nor show that it was material; *Held*, That it did not appear from the record, that the appellant was prejudiced by the admission of the witness.

*Appeal from the Mahaska District Court.*

FRIDAY, OCTOBER 15.

ACTION FOR DAMAGES. Plaintiff moved to expunge from the answer of the defendant, certain paragraphs upon the ground that they were redundant and scandalous. This motion was sustained, and defendant excepted. An attachment was asked and issued at the commencement of the suit. One Rogers, who was a security upon the attachment bond, was offered as a witness on the part of the plaintiff, and objected to by the defendant, on the ground of interest. The objection was overruled, and he was admitted to testify ; but what he stated, or whether his testimony was material, does not appear. Trial, verdict and judgment for plaintiff, and defendant appeals.

*Crookham & Fisher*, for the appellant.

*E. W. Eastman* and *W. H. & J. A. Seevers*, for the appellee.

WRIGHT, C. J.—There was no error in sustaining the motion to expunge. A portion of the matter so expunged is liable to the charge of being scandalous, and all of it is redundant and irrelevant. Not only so, but so much of the answer as remained, presented fully and completely every issue of fact, contained, or attempted to be set up, in the matter expunged. Defendant was, therefore, in no manner prejudiced by this ruling.

Did the court err in overruling the objection to the witness, Rogers? Appellees insist that the witness was competent; but that, if he was not, it does not appear what his testimony was, or that it was material; and that, until this does appear, the question of his competency is entirely immaterial.

In *Mays* v. *Deaver*, 1 Iowa, 216, it was held not to be sufficient to show that an improper question was asked the witness, but that it must also appear that the answer thereto disclosed improper and illegal testimony, prejudicial to the party objecting. This ruling was placed upon the plain and familiar rule, that error will not be presumed by this court—that it must be disclosed by the record—and that a state of facts will not be presumed, in order to find error. We there refer to the case of *Samuel* v. *Withers*, 9 Miss., 166, in which it is expressly held, that even if an incompetent witness is admitted, it must appear that he gave evidence material to the case, or the judgment will not be reversed. And this, we believe to be the correct rule. We think the record should disclose, either the substance of the testimony given, or that it was material. A case should not be reversed, unless this court can see that a new trial is necessary in order to correct some injury resulting from the judgment appealed from. If it does not appear with reasonable certainty, that the party complaining could be placed in a better condition by giving him

another trial, it should not be granted. And hence, in this case, suppose for this alleged error, the cause should be remanded, and this witness excluded. Now, for aught that appears, he was virtually excluded before; for it is not shown that he testified to anything, and least of all, anything that influenced the finding of the jury. If he did not, then his exclusion would affect nothing, and a second trial would result as did the first. Not only so, but granting him to be interested, and that he did give testimony, it would by no means follow that it should be excluded. There are some matters as to which a party may testify; and of these, as well as others, perhaps, a witness standing disqualified for most purposes, upon the ground of interert, may speak.

In *Lawson* v. *Campbell & Bros.*, 4 G. Greene, 413, it was said that this court will not presume a state of facts in order to find error, but every presumption will be in favor of the ruling in the court below. Under this rule, we do not know but this witness may have testified of those things, about which he might speak, though incompetent for most or all other purposes; and this presumption that the court acted correctly, not being rebutted by anything shown by the record, we cannot say there was error.

It is suggested by appellants, that there was error in certain instruction given by the court. No objection was made or exception taken to them, however, and we cannot, therefore, inquire into their correctness.

Judgment affirmed.