## HANAN *v.* HALE *et ux.*

Where on the trial of a cause, the plaintiff offered evidence, which was ob-
j cted to by the defendant, and the objection overruled, and thereupon
the defendant asked time to reduce the evidence and the objection there-
to, with the ruling of the court, to writing, which was refused by the
court; and where it did not appear that the defendant had been injured
by the ruling of the court, nor that the court had abused its discretion
in such cases ; *Held,* That there was no error in the proceeding.

Where it is assigned for error, that the court erred in the admission of
improper evidence, the record should disclose what the te timony of the
witnesses were, or the assignment cannot be considered by the appellate
court.

Where the refusal to give instructions is assigned for error, and the appel-
late court can conceive a state of case, in which such refusal would be
proper, it will be presumed that such instructions were properly refused,
unless the record discloses a state of facts which show that the instruc-
tions as asked, were applicable to the case as they stood upon the proof.

### *Appeal from the Fayette District Court.*

SATURDAY, OCTOBER 30.

Trespass, for that the wife, Sarah Hale, did at, &c., on &c.,
" throw a quantity of eggs on to your petitioner, damaging
his clothing, and injuring his reputation." Answer in
denial—trial—verdict for plaintiff—judgment thereon, and
defendants appeal.

*Wm. McClintock,* for the appellants.

*L. L. Ainsworth,* for the appellee.

WRIGHT, C. J.—On the trial, plaintiff propounded a ques-
tion to witness, to which defendant objected, and the objec-
tion being overruled, time was asked by counsel to reduce
the same to writing, which was refused ; and this is the first
error assigned.

The court had the right to give time for reducing the
objection to writing then, or in its discretion, proceed with
the trial, leaving the exceptions to be settled at any time

before the rendition of the verdict. However much the practice contended for by the appellants, might tend to the correct settlement of a bill of exceptions, we know of no law that requires that the trial shall be suspended for this purpose. If it was shown that by said refusal, the appellant had been injured, and that the court had abused the discretion given it, the question would be different.

It is next objected that the court erred in admitting evidence of the occupation of one of the defendants, and proof by the witness Cowles, as to the effect of the injury done to plaintiff's clothes. The record shows that some questions were asked the witnesses upon these subjects, but what they testified to, if anything, is not shown. Under the rulings heretofore made, therefore, this assignment cannot prevail. *Mays* v. *Deaver*, 1 Iowa, 216 ; *Spears* v. *Fortner*, 6 Ib. 553.

A third objection relates to the instructions asked by defendants, and refused. As to the correctness of these instructions, in a case to which they would be applicable, we intimate no opinion. They were all refused by the court, and we can conceive of a state of case in which this refusal would be proper. No part of the testimony is before us, nor anything to show that the instructions as asked, were applicable to the case as it stood upon the proof. Under such circumstance, we cannot say that the court below erred in refusing them. *Porter* v. *Walker*, 1 Iowa, 456 ; *McGregor et al.* v. *Armill*, 2 Iowa, 30.

Judgment affirmed.