D. A. RICHARDS, Respondent, *v.* C. O. FANNING, F. M. CROCKETT, and A. W. NYE, Appellants.

Error cannot be Assigned when Demurrer is Waived. — Where a demurrer is waived by the filing of an answer no errors can be assigned in the appellate court, upon the judgment of the Circuit Court overruling the demurrer.

Instruction—Relevancy of, not Presumed.—Where an instruction is refused, the correctness or incorrectness of which depends on circumstances not disclosed in the record, its applicability will not be presumed. The party complaining must show its relevancy affirmatively. This Court will not presume a state of facts in order to find error, but every presumption will be made in favor of the ruling of the court below.

Idem—Bill of Exceptions must show what Evidence.—In order to enable this Court to determine whether instructions asked for and refused are correct, there must be a proper bill of exceptions, embodying sufficient of the evidence, or a statement that some evidence had been given, upon the points upon which instructions are asked, in order to show whether they were applicable to the case.

Appeal from Umatilla County.

The facts are stated in the opinion of the Court.

*J. H. Reed and R. P. Boise*, for Appellants.

*Lucian Evarts and Thayer & Williams*, for Respondent.

By the Court, Burnett, J.:

This is an action of replevin brought by the respondent in the Circuit Court for Umatilla County to recover the possession of certain personal property described in the complaint, and consisting of one wagon, one horse, set of harness, mowing machine and one sulky, and for fifty dollars damages for the detention of the same.

The complaint alleges that the respondent is the owner of the property above described, and that on the 10th day of September, 1872, in Umatilla County, Oregon, the defendants wrongfully took said goods and chattels from the possession of the plaintiff. Afterward the respondent filed a supplemental complaint alleging some additional facts, upon which he increased his claim for damages from fifty dollars to two thousand dollars.

Defendants answered denying the allegations of the complaint, and set up that at the time mentioned, in the complaint, F. M. Crockett, one of the defendants, was clerk of Umatilla County, and S. W. Nye, another defendant, was sheriff; and further, that prior to that time, the defendant Fanning and the plaintiff had entered into an agreement to submit some matters of difference that existed between them to one Augustus Hill, who should make a decision in writing, which was to be entered as a judgment of the court; that such decision was made and entered, by which he found that the plaintiff herein, Richards, was indebted to Fanning, one of the defendants herein, in the sum of four hundred and eighty dollars; that it was in pursuance of and by virtue of an execution on said decision that the defendant Nye seized the property in question. Then follows an allegation that said decisions and the proceedings connected therewith had not been set aside by any judgment of the court.

The plaintiff, in his reply, denies that he entered into the agreement set up in the answer; denies that Hill made the decision between the parties as set up in the answer, and denies that any judgment was entered against Fanning, or that any execution, regular on its face, was issued, or that the property in question was seized or sold by virtue of any such execution.

The case was tried by a jury, and a verdict returned for the respondent, upon which he had judgment, and the appellant brings the case into this Court. The errors assigned by the appellant in his notice of appeal are as follows:

1. Error in the court in overruling the demurrer to the supplemental complaint, filed May 2, 1873.

2. In overruling the demurrer to the amended supplemental complaint, filed May 30, 1873.

3. In overruling the demurrer to the second amended supplemental complaint, filed October 31, 1873.

4. The court erred in refusing the second, third, fourth, sixth, seventh and eighth instructions, asked for by defendant; and then follows a copy of the instructions asked for and refused by the court below.

It is a sufficient answer to the first and second assignments of error, to say that the court sustained the demurrers referred to therein. As to the third assignment, the appellants, by answering, waived the objections raised by their demurrer, and cannot be heard upon them now.

The principal question arises in respect to the instructions asked for by the appellant in the court below, which were refused. It is claimed, by counsel for respondent, that the exceptions to the ruling of the court below, are not sufficiently definite to bring the errors complained of before this Court for review, and we think in that he is correct.

The bill of exceptions, after reciting that issue had been joined between the parties, and a jury impaneled to try the cause, further states, "And, upon the trial of the issue, the defendants, by their counsel, to maintain and support the said issue on their part, requested the court to instruct the jury as follows." Following this is a list of instructions, eight in number, and then follows this language: "And the said court then and there gave to the jury the above instructions, numbered 1 and 5, and refused and failed to give to the jury the instructions above numbered 2, 3, 4, 6, 7 and 8, and each and all of them; and the said jury, after retiring a short time for deliberation, returned into court and then and there gave their verdict," etc. To which refusal of the court, to give the instructions mentioned, the defendant, C. O. Fanning, at the time excepted. It does not appear whether the exceptions were taken before the verdict was returned or not. This is hardly more than a general exception, and if any one of the instructions was incorrect, this mode of excepting would be insufficient. (34 N. Y. 247; 18 Ind. 184.)

In 43 N. Y., 558, it is said: "The attention of the court should be drawn to each instruction, and each should be the subject of a specific ruling by the judge, and a specific exception by the party." But, conceding the exceptions to be sufficient to bring the ruling of the court below, on each request, before this Court, there is no evidence in the bill of exceptions to show whether the instructions asked for were pertinent to the case or not. All the material issues,

tendered in the pleadings, are controverted, and the bill of exceptions ought to show what the evidence was, on the points upon which instructions were asked, or that some evidence on said points had been given, so that the court can see whether the instructions asked for were applicable to the case made by the evidence or not, and the court should refuse to instruct the jury on abstract questions of law.    (2 Cal. 39; 9 Cal. 353.)

Whether an instruction, giving the general rule without qualification, be proper or not, depends upon the facts in proof.    (15 Cal. 476.)

In the case of *Hannan* v. *Hale* (7 Iowa, 153), the court, in passing upon a similar question, uses the following language: "A third objection relates to the instructions asked by the defendants, and refused.  As to the correctness of these instructions, in a case to which they would be applicable, we intimate no opinion.  They were all refused by the court, and we can conceive of a state of case in which this refusal would be proper.  No part of the testimony is before us, nor anything to show that the instructions, as asked, were applicable to the case as it stood upon the proof. Under such circumstances, we cannot say that the court below erred in refusing them."

It was claimed by counsel for the appellant that if the sheriff could justify under the process he held, that would be a complete defense for the other defendants, but the allegation of his having a legal process is denied in the pleadings, and there is no evidence to show how the property was taken.  The declaration is replevin in the *cepit;* defense *non cepit.*

The jury found against the defendant Fanning alone, and. it must be presumed that the evidence warranted the verdict.  If the bill of exceptions had shown that there was evidence given on the trial tending to show that Fanning was induced to take the property in question, by the acts and representations of Richards, then the fourth instruction would be correct; but we cannot presume that any such testimony was given in the absence of anything in the bill of exceptions showing that such testimony was given, or of

any statement of the evidence as required by the statute. Where an instruction is refused, the correctness or incorrectness of which depends on circumstances not disclosed in the record, its applicability will not be presumed. The party complaining must show its relevancy affirmatively. (1 Iowa, 456; 5 Id. 271; 3 Id. 463.)

The bill of exceptions does not disclose any error which would justify this Court in reversing the judgment of the court below. It is therefore affirmed.