THE INDEPENDENT DISTRICT OF FAIRFIELD v. FARMER *et al.* ·

**Appeal** : LAW CASE : BILL OF EXCEPTIONS TO RULINGS ON EVIDENCE : BY WHOM TO BE SIGNED. A bill of exceptions to rulings on evidence in the trial of an ordinary action at law must be signed by the judge, or, in case he refuses to sign the same, by the by-standers. (Code, secs. 2831-2835.) It is not sufficient that the bill be noted by the short-hand reporter and included in the extended transcript of his notes, which is certified by him.

*Appeal from Jefferson District Court.*

FILED, DECEMBER 9, 1887.

ACTION at law. Trial to the court, judgment for the plaintiff, and the defendant Crawford appeals.

*Leggett & McKemey* and *M. A. McCoid*, for appellant.

*D. P. Stubbs*, for appellee.

SEEVERS, J.—The errors assigned are that the court erred in admitting evidence to which the appellant objected. The abstract sets out the objections made, the rulings of the court, and states that the appellant excepted thereto ; and it further states that it contains " all the evidence that was offered or introduced on the trial of the cause. The evidence was taken down by the official short-hand reporter of the court, and was extended by him, and preserved by a bill of exceptions as provided by statute, and made a part of the record." An additional abstract has been filed by the appellee,

which denies that the abstract "contains all the evidence offered or introduced on the trial of the cause; denies that any exceptions were taken to the rulings of the court, or that the court made any rulings thereon." The statements in the abstract filed by the appellee are denied in an amended abstract filed by appellant. It will be observed that the abstract filed by the appellee, in substance, states that no bill of exceptions was signed by the court, or rather that the rulings made by the court were not preserved by a bill of exceptions. As no bill of exceptions is set out by the appellant in the amended abstract, it is doubtful whether we are required to look into the transcript, but we have done so, and find that the claimed bill of exceptions was noted by the reporter, and that he has extended or made a transcript of his notes, and has certified thereto as above stated.

The appellee has filed a motion to strike out the evidence, and affirm the judgment and rulings of the court in admitting evidence, on the ground that the evidence and such rulings have not been preserved by a bill of exceptions. This leads to the inquiry as to whether it is essential, in the absence of a statute providing otherwise, that a bill of exceptions must be signed by the judge. A bill of exceptions is defined to be an "objection made by a party in a cause to the decision of the court, on a point of law, which, in the confirmation of its accuracy, is signed and sealed by the judge or court who made the decision." Bouv. Law Dict. 175. See, also, *Mays v. Deaver*, 1 Iowa, 216. It may be conceded that the statute provides that, as to some matters, it is not essential that the exceptions shall be signed by the judge; but such is not the case as to the matter in hand. As to it the statute implies, if it does not in terms so provide, that the exceptions shall be so signed, or by the by-standers, which in a proper case is deemed equivalent to a signing by the judge. Code, secs. 2831–2835 inclusive. The latter section provides, if the judge refuses to sign a true bill of exceptions, that it may be signed by the by-standers, but no provision is made that it may be signed by the

reporter. The presumption obtains that all questions of law are correctly decided by the court, and he who asserts the contrary must exhibit to this court a bill of exceptions signed by the judge or by by-standers, showing the exact question presented to the court, and how it was decided, before we are authorized to review it, unless there is a statute which provides otherwise. While it is true that no particular form is required, such signature or signatures is an essential prerequisite.

We have no occasion to determine what the rule is in equity causes in relation to identifying the evidence. For the reason that the rulings of the court to which errors are assigned have not been preserved and identified by a bill of exceptions, the judgment of the district court is

AFFIRMED.