## HAYS & BLANCHARD *v.* GORBY.

The bond executed by the plaintiff in a proceeding by attachment, need not be referred to in the writ.

When a case comes from a justice of the peace into the District Court, by writ of error, the sole question to be determined is, whether the justice erred in the particular decision made and complained of in the affidavit for the writ.

The District Court cannot in such a proceeding, hear and decide on questions which were not before the justice, and which are not referred to in the affidavit for the writ.

### *Appeal from the Van Buren District Court.*

THIS action was commenced before a justice of the peace. An attachment was issued, and on the return day, the parties appeared, and defendant moved to dissolve the attachment, for the reason that the writ did not recite that a *bond* had been filed, as required by the Code. This motion was over-ruled, and defendant brought the cause into the District Court, by writ of error. The affidavit which was filed as the foundation of the writ in the District Court, recites alone for error the decision on said motion. The judgment of the jus-tice was reversed, and the writ of attachment quashed. Plaintiffs appeal.

*C. C. Nourse,* for the appellants.

*Knapp & Caldwell,* for the appellee.

WRIGHT, C. J.—We think the court below erred in quash-ing this attachment. Our statute nowhere requires that the

bond shall be referred to in the writ, nor can we see any good reason, upon principle, why it need state that such bond has been given. The bond is for the protection of the defendant, it is true, but his rights are quite as well secured by the filing of a bond *in fact*, without its mention in the writ, as they are by the recital therein of that fact. The object and office of the writ, is to authorize the officers to seize property and hold it, subject to any judgment that may be obtained in the main action. The sheriff does not take the bond, nor need he inquire whether one has in fact been given. If the giving of the bond is necessary for his protection, then the averment in the writ that plaintiffs have executed *it*, (when in truth they have not), would not excuse. It is the giving of the *bond, in fact*, and not a statement that it has been done, that is the substance—that which is necessary to entitle a party to his attachment. Who is protected, let us ask, by requiring what appellee insists upon, in this case? Not the sheriff, not the clerk, nor yet the defendant. The defendant (and he is indeed the only person whose rights we need consider at this time) finds his security, if any, in the bond actually filed. If the clerk has not taken such a bond, he is liable. If he has, the defendant is as perfectly secured in every substantial legal right, which he may have under the attachment process, as if the writ had advised him that the bond was executed. But, again, if this recital is necessary, why not also recite the amount of the bond, and the sureties thereon. Why not require it to specify the particular character of the debt upon which plaintiff sues? It strikes us that the argument of appellee, if carried out, would render such recitals quite as necessary as the one he contends for.

It is claimed by appellee, however, that this court, in the case of *Barber* v. *Swan*, June term, 1854, held such a recital necessary. And we may add, that we conclude from the argument at bar, that the court below decided this question upon the strength of that case. An examination of that opinion, however, does not warrant any such conclusion. There, as stated in the opinion by GREENE, J., the writ did

not show that any action was pending—did not give the names of the parties to the suit—did not state the grounds which authorized the court to issue it—did not confer authority upon the officer to attach property—nor finally, did it show that the indispensable conditions of the Code had been complied with. It is also said, that "the paper called a writ of attachment could not easily be recognized as such. It contains but few of the essential requisites of such a writ." Under such circumstances, the writ was very properly held defective. But the argument is not legitimate, which would hold the writ in this case bad, because that was. In that writ, there was a want of parties—a want of reference to the grounds for the attachment—a want of authority to the officer to attach property ; indeed, the absence of most of the essential requisites of such a process. Here, everything is in proper form, save that the bond is not referred to in the writ itself. This question, in this case then, stands unaffected by anything decided in that, and we conclude that the writ was improperly quashed.

The appellee further urges, that the decision in the District Court was right, and should not be disturbed, for the reason that the transcript shows that the judgment before the justice in the case, to which the attachment is auxiliary, was in his favor, and that this necessarily dissolved the attachment, and released the property. The judgment of the justice was for defendant, and from this the plaintiff appealed. Whether that appeal was pending, or what disposition had been made of it, when the decision in this part of the case was heard, is not shown. Whether that appeal would have the effect of preventing a dissolution of the attachment, or whether such judgment of the justice *ipso facto*, dissolved it, we do not stop to inquire, because we do not think that this point can be urged by appellee at this time. The motion before the justice was to dissolve the attachment for certain specified causes, therein particularly stated. The affidavit for the writ of error is based alone upon the fact, that "the justice had held that it was not necessary for the writ to state that a bond had been filed," and to this alone was the justice

Hays & Blanchard v. Gorby.

bound or required by law, to make his return. This alleged defect, then, was the only question properly before the District Court. The Code requires that the affidavit shall set forth the *errors complained of*, and that the justice shall certify the proceedings before him, so far as they relate to the *facts stated in the affidavit.* When the case comes into the District Court, the sole question to be determined is, whether the justice erred in the particular decision made and complained of in the affidavit. The District Court cannot in such a proceeding, hear and decide questions which were not before the justice, of which the plaintiff in error did not complain, and to which he did not refer in his affidavit. Did the justice decide correctly or incorrectly on the motion made before him, as to the particular facts stated in the affidavit? was the question, and the only question, before the District Court. We conclude then, that this objection comes too late, even granting it to have been urged in the District Court, which does not appear. But particularly is it so, when urged for the first time in this court. *Bretney* v. *Jones,* 1 G. Greene, 366; *Hintermister* v. *The State,* 1 Iowa, 101.

What effect the judgment before the justice may have; whether the attached property was thereby relieved, whether the sureties upon the delivery bond, if one was given, were thereby discharged, we do not determine. These and similar questions, may arise hereafter; but at present, we only decide that there was error in dissolving the attachment, for the cause stated in the affidavit.

Judgment reversed.