ELLSWORTH <i>v.</i> MOORE.

Whilst the supreme court knows judicially the judges in the different judicial districts of the state, and will presume, in the absence of any showing to the contrary, that the courts of the district court, are held by such judges, it cannot know that the attorney, J. D. Thompson, and the Honorable J. D. Thompson, Judge of the Thirteenth Judicial District, are one and the same person.

An objection to a judge of the district court, on the ground of interest, must be made in the district court.

It may well be doubted whether an order allowing the substitution of papers in a case, which had been destroyed by fire, so far involved judicial action as to vitiate the proceedings, because of the supposed interest of the judge.

Under the Code, motions to dissolve attachments, become part of the record; and a party may assign error on the order made in overruling or sustaining the same, without incorporating the [motion into a bill of exceptions.

A writ of attachment need not recite that a bond has been filed.

<i>Appeal from the Hardin District Court.</i>

MONDAY, JANUARY 25, 1858.

The errors asssigned in this case, relate alone to the

order of the court dissolving the attachment. This motion to dissolve, was made and determined at the April term, 1856, of the district court of Hardin county. At the same term, notice of appeal was regularly given by the plaintiff. At the December term, 1856, of this court, a rule was issued, requiring the clerk of the court below, to send up the transcript and records in said cause, in answer to which there was filed herein, copies of the original petition, notice, writ of attachment, affidavit, and bond for the attachment, and the final judgment in favor of plaintiff. After the trial in the district court, the court house and clerk's office of Hardin county, were destroyed by fire, and the clerk certifies that the remaining papers in the case, are supposed to have then been destroyed. At the last term of this court, on the application of plaintiff, this cause was continued, in order to give to the party an opportunity to substitute other papers for those so destroyed. It is now certified to us, that on the second day of October, 1857, the plaintiff, on motion and affidavit, had leave to substitute the said motion of defendant, and the bill of exceptions taken at the time, to the order of the court dissolving the attachment. The papers so substituted are now before us. The other facts material to the decision of the case, will be found in the opinion of the court. Plaintiff appeals.

*E. W. Eastman*, for the appellant.

*Cassady & Crocker*, for the appellee.

WRIGHT, C. J.—The argument of the appellee is directed almost entirely to the question, whether the proceedings upon the order dissolving the attachment, are properly before us. We shall notice the positions assumed, in the order presented.

And first, it is insisted, that the judge presiding at the time the order was made to substitute the papers, was of counsel for plaintiff at the time of the commencement and

trial of the cause.   To this, it is sufficient to answer, that the facts assumed do not appear from the record.   The original petition, it is true, is signed by J. D. Thompson, as attorney for plaintiff, but whether he held, or who held, the last September term of the district court for Hardin county, does not appear.   This court knows judicially the judges in the different judicial districts of the state, and will presume, in the absence of any showing to the contrary, that the court of the district courts, are held by such judges, but we cannot know that the attorney, J. D. Thompson, and the Honorable J. D. Thompson, judge of the thirteenth judicial district, are one and the same person.   And to this objection it may be further assumed, that, granting them to be the same person, it does not appear that any objection was made by defendant, to his acting in the premises.   If no objection was made, it was certainly not irregular for him to adjudicate whatever questions were involved in the motion of the plaintiff, to permit other papers to be filed in the place of those destroyed.

But it may be well doubted, whether, if objection had been made, the order allowing the substitution, so far involved judicial action, as to vitiate the proceedings, because of the supposed interest of the judge.   These papers were destroyed without any fault on the part of plaintiff.   Almost the entire records of the court, including these papers, were lost, and placed beyond the power of either party to produce them.   Under such circumstances, it was the right of plaintiff or defendant, if necessary to the ascertainment and settlement of their respective rights, to have copies thereof filed and used, instead of the original.   Code, section 1760.   Perhaps the only thing really to be determined was, whether those offered were copies of such original papers.

And this brings us to the consideration of the second objection, which is, that the papers so filed, do not purport to be copies of those destroyed.   And that we may abbreviate this opinion, we will consider, in this connection, the

further objection, that the motion to dissolve the attachment, is not so incorporated and made part of the bill of exceptions, as to enable us to treat it as part of the record. Whatever force there may be in the last objection, we think it entirely obviated when we remark, that a bill of exceptions was not necessary to make it a part of the record. We think that such motions, under the Code, become part of the record; and that a party may assign error on the order made in overruling or sustaining the same, without incorporating them into a bill of exceptions. Code. 1977; *Mays* v. *Deaver*, 1 Iowa, 216; *Sands* v. *Wood*, Ib., '263. It therefore becomes immaterial to inquire, whether the bill of exceptions substituted, is sufficiently shown to be a copy of the one lost. And it is equally immaterial, whether the motion referred to therein, is or is not sufficiently incorporated into and made a part of the bill of exceptions.

And thus we are brought to the inquiry, whether the motion substituted, is shown to be a copy of the one so destroyed. And even this, we need not determine, for the reasons following : That a motion to dissolve the attachment was made, is established by the judgment thereon, as to the existence of which there is no question. And, in like manner, it is not to be doubted that the bond, affidavit, writ, and all the papers relating to the issuing of said attachment, are before us in proper and unobjectionable form. Now, if upon an examination of these, all shall appear to be regular and sufficient, and we are satisfied that objections thereto, upon any ground whatever, should have been overruled, then it is manifest that it is unimportant and unnecessary to determine, whether the motion as substituted, was, or was not, a copy of the one destroyed. For, by thus treating the case, the defendant has the full benefit of any and every motion, and cannot possibly be prejudiced, but, on the contrary, the prejudice, if any, must result to the plaintiff. Was there any ground, then, for dissolving the attachment? We answer that we have examined the whole record with much care, with the dis-

position to give the defendant the benefit of every fair doubt, and we are constrained to conclude, that the attachment proceedings were in all respects regular and correct. Indeed, we may say that the affidavit, and all the papers, appear to be critically accurate, and in strict accordance with the requirements of the Code. There is but one ground upon which the ruling below could probably have been based, and that is, that the writ does not recite that a bond had been filed. And we are, perhaps, justified in concluding that this was the ground upon which the court acted. At one time, and perhaps at the time of the ruling on this motion, this view was generally entertained by the profession, growing out of what was understood to have been the decision of this court. In the case of *Hays & Blanchard* v. *Gorby*, 3 Iowa, 203, however, this question was definitely settled, and such recitation or reference held to be unnecessary.

The order of the court dissolving the attachment, is reversed.