WILLIAM FLOWERS, Plaintiff in Error, *v.* JOHN BROWN, Administrator of the estate of James Brown, deceased, Defendant in Error.

ERROR TO FULTON.

A court of chancery will not ordinarily issue a writ of possession in order to enforce its decrees; and never where a party in possession may make a successful defense of his possession, either at law or equity.

THIS cause was commenced in the Circuit Court of Fulton county, on the chancery side, by John Brown, administrator of James Brown, deceased, to foreclose a mortgage given to his intestate, by William Flowers. The bill was filed on the 3rd day of March, A. D. 1851, and sets forth that on or about the 10th day of March, 1840, James Flowers and John Hall, both of Fulton county, etc., became indebted to his intestate in the sum of one hundred and thirty-seven dollars and sixty cents, upon a promissory note, bearing that date, and due six months thereafter, with twelve per cent. interest from date; and that on or about the 10th March, A. D. 1844, one William Flowers became indebted to the intestate in the further sum of forty-two dollars and thirty-two cents, bearing that date, and payable one day after the date thereof.

And that thereupon William Flowers, to secure the whole of said money, amounting to the sum of one hundred and seventy-nine dollars and eighty-five cents, as appears by the notes, executed his deed of mortgage to the intestate, to certain pieces and parcels of land; which instrument is set forth to have been dated on the 7th day of August, A. D. 1847, conditioned that

the same should be void on the payment of the sum of one hundred and seventy-nine dollars and eighty-five cents to the intestate, on or before the 23rd day of August, A. D. 1847.   The bill then refers to copy of notes and mortgage filed therewith, and made part of the bill.   The bill then sets forth a demand by the intestate in his lifetime, and a refusal to pay, and, also, appointment of administrator, and demand and refusal to administrator.   The bill concludes with usual prayer, etc.   A copy of the notes and mortgages is then set forth, one of the notes signed by William Flowers and John Hall, and the other by William Flowers.

Summons issued 3rd March, A. D. 1857, properly tested, but without seal, returnable to March term of Fulton Circuit Court, which was returned not served.

At the March term of said court, A. D. 1851, the cause was continued, with alias which was issued, returnable to the next term of said court, and duly served upon the defendant, William Flowers.

At the August term of said court, A. D. 1857, a decree in this cause was entered of record, which recites that the cause came on for hearing upon the bill, answer and exhibits, and it appearing to the court that the defendant had been duly served with process ; and further, that the defendant, William Flowers, failed to appear, plead, answer or demur to the complainant's bill of complaint, it is therefore ordered by the court that the same be taken as confessed as to him ; and it further appearing from the exhibits, that there is still due and owing to the said complainant the sum of four hundred and six dollars and eight cents, secured by mortgage on certain lands, describing them.

The court therefore orders and decrees that the defendant pay to the complainant, the sum of four hundred and six dollars and eight cents, and all of the costs of this suit, by a certain day, and that in default thereof, that the lands described be sold at public auction, for cash, to the highest bidder, etc., and that William Elliott be appointed commissioner to make such sale, and requiring him to give three weeks' notice of such sale, etc., and that he first pay the costs, and then the complainant, and bring the residue, if any, into court at its next term, and that he execute to the purchaser a certificate of purchase, entitling him to a deed in fifteen months, etc., and that he report. And, then, among other things, the court orders that the defendant surrender possession of the premises and the title papers, etc. to the purchaser, at the expiration of the time of redemption.

At the November term of said court, A. D. 1851, the commissioner reported to the court, that the defendant having failed to pay the money at the time limited in the decree, that

he did, after giving notice as required, on the 30th day of September, A. D. 1851, offer the premises for sale to the highest bidder, and that John Brown, the complainant, having bid the sum of $445.25, which being the highest and best bid offered, the same was struck off and sold to him, and that certificate was made as directed.

And at the same term of court a decree was entered approving the report of the master, and the sale affirmed, and that upon the expiration of fifteen months, that the master in chancery make and execute a deed to the purchaser.

The cause was then continued from term to term, until the 23rd day of January, A. D. 1853. The master in chancery filed his report in this cause, setting forth that in pursuance of decree rendered in this cause at the November term, A. D. 1852, of said court, he had made and executed a deed for the premises sold to said John Brown, as directed, etc., and had delivered the same to the clerk of said court.

Here the cause rested, and was continued from term to term, until the May term, A. D. 1857, of said court, when complainant, by his solicitors, made motion for final decree of confirmation of the deed and reports, and for writ of possession, etc.

The defendant then came and filed his reasons for setting aside the sale, and showing cause why the deed, and report and sale should not be approved.

It next appears that a copy of decree had been served upon the defendant, and those holding under him, together with a written notice to deliver up the possession and the title papers, and return of the officers that there had been a refusal to surrender. The affidavit of Brown was then filed, setting forth that he had purchased of complainant all his rights in the premises, etc.; that he had made demand for the possession of the premises, and refusal to deliver up, etc., in contempt of the authority of the court.

At the same term the defendant, Flowers, filed his affidavit, setting forth, that since the sale of said land under said mortgage, that affiant and said complainant had contracted and agreed with each other, that said Brown would give defendant further time to pay the money due under said mortgage, and that complainant promised to convey the land to defendant, upon the payment of the balance due upon the decree, and that in pursuance of this agreement, the defendant had paid to said complainant the sum of $144; and that it was then and there further agreed, that the balance of said money should be paid as soon as he could conveniently pay it, or that the same might be paid in stock, at cash values; that some time in the month of February or March last, affiant received a letter from complain-

ant, requesting defendant to come and settle the balance; that the roads were bad, and defendant answered that as soon as the roads got better, he would come up and settle the balance; that some time in the month of April, defendant went to see complainant for the purpose of paying the balance, when he was informed by complainant that he had sold and conveyed the land to Beers, and would receive nothing further on the contract. Affiant further charges notice to Beers of the contract existing between defendant and complainant about the land. Affiant sets forth that this tract of land is worth $2,500 to $3,000, and that the other tract is worth about $400.

Upon this affidavit the defendant moved the court for a continuance of the cause, to enable him to file a bill of review. The court overruled the motion, as also the motion of defendant to set aside the sale; and ordered a writ of possession to issue.

C. L. HIGBEE, M. HAY, and L. Ross, for Plaintiff in Error.

GOUDY & JUDD, for Defendant in Error.

CATON, C. J. That portion of the final decree which awards a writ of possession, we think erroneous. The affidavit which was filed in resistance of that portion of the decree, sets up new matter, which occurred after the former decree in the cause, ordering the property to be sold, and hence, this was the first time when it could be presented to the consideration of the court. It is not necessary now to determine definitely, whether the affidavit makes out such a case as would certainly enable the defendant to maintain his possession in an action of ejectment, or such a case as would demand of a court of equity to decree a specific performance of the agreement therein stated. It is sufficient that he has shown facts, which should convince the court that his claim to such a case is not a mere frivolous pretense, to delay the assignee of the purchaser, in the possession of an undoubted right. While the court of chancery has an undoubted jurisdiction to award the writ of possession in execution of its decrees, this it will not ordinarily do, and never, where there is any reasonable prospect that the party in possession may make a successful defense of his possession, either at law or by the aid of a court of equity. That portion of the decree which awards the writ of possession, must be reversed, and the balance affirmed—each party to pay half the costs here.

WALKER, J., having tried the cause in the court below, took no part in the decision of this case.