## THOMAS G. KESSINGER

*v.*

## LEWIS WHITTAKER *et al.*

1. WRIT OF POSSESSION—*want of proper parties to bill.* A writ of possession may properly be ordered against a party entering into possession of mortgaged premises under the mortgagor after bill to foreclose, notwithstanding others having an interest are not made parties, where the entire interest is sold under the decree. Such party not claiming under them, can not object that they were not made parties to the bill.

2. SAME—*remedy concurrent with forcible detainer.* The remedies given a purchaser of land under a decree of foreclosure, by writ of possession and by forcible detainer, are concurrent, and both may be pursued until a satisfaction is had. The pendency of proceedings by forcible detainer for possession, on appeal, can not be set up in abatement of a motion for a writ of possession in the original cause.

3. SAME—*nature of proceeding.* A proceeding by a purchaser on foreclosure to obtain a writ of possession by motion, is not the institution of a new suit, but is only another step in the foreclosure suit, and for this purpose the purchaser, and he who meddles with the property after bill filed, becomes a party to the decree of foreclosure.

4. Same—*judge may order in vacation.* A judge of the circuit court, under our statute, has the power, in vacation, to order the issuing of a writ of possession, to carry into effect a decree of the court.

5. Same—*when order to deliver possession is necessary.* It is only where a decree of foreclosure contains no order for the surrender of possession that such order to deliver possession is necessary before a writ of possession can be issued. If the decree contains such an order, no further order is required.

Appeal from the Circuit Court of Montgomery county; the Hon. Horatio M. Vandeveer, Judge, presiding.

Messrs. J. R. Blackwell, for the appellant.

Messrs. Southworth & Truitt, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

There had been here a foreclosure of a mortgage given by Peter Boxburger and wife to the appellees; a decree of sale at the November term of court, 1873; a sale thereunder, February 13, 1874; and the master's deed of the mortgaged premises to the appellees, made May 14, 1875.

July 10, 1874, Boxburger and wife, who were defendants in the suit for foreclosure, executed a quitclaim deed of the mortgaged premises to Lorenzo D. Hicks. Kessinger, the appellant, afterward went into possession of the premises under Hicks. On the 5th day of June, 1875, in vacation, the judge of the circuit court, on application to him, the parties appearing before him, made an order that Kessinger deliver up possession of the premises to appellees, and that a writ of possession issue to put them in possession. This is an appeal by Kessinger from that order.

It is objected to the order—

1. That the unknown heirs of Josiah H. Sandoe were not brought into court; that the sale and deed by the master was not of their interest, and that appellees took by the foreclosure only the Boxburger interest, which does not justify procedure to recover possession of the whole premises.

The bill for foreclosure alleges that, subsequent to the making of the mortgage, Boxburger and wife executed a warranty

deed to one Josiah H. Sandoe, of one undivided half of the mortgaged premises, subject to the mortgage; that Sandoe had since died, leaving unknown heirs, and that they have some claim or interest in the premises, subject to the mortgage.

This is all that appears in regard to any interest of said heirs. It does not show a right of possession in them as against the mortgagees. But it is sufficient that the decree directs a sale of the whole mortgaged premises, and they were accordingly sold; and the decree orders that the parties in the cause who may be in possession of the premises, and any person who, since the commencement of the suit, has come into possession under them, shall surrender possession of the mortgaged premises to the purchaser; and the unknown heirs of Josiah Sandoe are not complaining of the decree, nor is appellant making any claim under them.

2. It is next objected, that appellees brought a suit of forcible entry and detainer before a justice of the peace against appellant for possession of the premises, and on the 21st of May, 1875, obtained a judgment for possession against appellant, and that thereby appellees are barred of this proceeding; but appellant took an appeal from that judgment, and the suit is now pending, undetermined.

The remedies are concurrent, either or both of which might be pursued until a satisfaction was had, which would then bar further proceedings. See *Vansant* v. *Allmon*, 23 Ill. 30. Were a bar or abatement to apply to either proceeding, it would rather be to the suit at law. The court of chancery has had jurisdiction of this whole subject since 1873, and it should not be ousted of its jurisdiction by the mere pending of the forcible entry and detainer suit.

This proceeding to obtain an order for a writ of assistance is not the institution of a new suit. It is simply another step in the foreclosure suit.

"*Pro hac vice*, the purchaser is a party to the decree. * * * He, then, who meddles with the property which is the subject of the decree, becomes, by that act, a party to the decree. It

can not be objected that the case is no longer *lis pendens* after a decree and sale and a conveyance executed, because the court of chancery is not *functus officio* until the decree is executed by delivery of possession." *Jackson* v. *Warren*, 32 Ill. 340; and see *Aldrich* v. *Sharp*, 3 Scam. 261.

3.    It is lastly objected, that a judge of the circuit court has no power to make such order in vacation—that it can only be made in term time; and then, that this order must be preceded by an injunction to deliver possession.

The first branch of the objection is answered by the statute, which gives to the judges of the circuit court power, in vacation, " to hear and determine motions,  *  *  *  to make all necessary orders to carry into effect any decree previously entered, including the issuance of necessary writs therefor." Rev. Stat. 1874, 332, § 49.

As to the other part of the objection, it is only in the case where the decree of foreclosure contains no order for the surrender of the possession that it is required there should have been an injunction to deliver possession, before the issuing of a writ of assistance to put the purchaser in possession.   But when the decree of foreclosure, as it did in this case, directs the mortgagor, or the party in possession of the mortgaged premises, to surrender up the possession to the purchaser, the court, upon the proper showing by affidavit being made, will issue a writ of execution of the order to put the purchaser in possession, without there having been a precedent injunction to deliver possession.   *Aldrich* v. *Sharp, supra.*

Appellant came into the possession of the premises under Boxburger, the mortgagor, and one of the defendants in the suit, subsequent to its commencement and after the sale under the decree.    All the requisite preliminary steps appear to have been taken, and the order was rightly made, and it is affirmed.

*Order affirmed.*