## JAMES COCHRAN

*v.*

## JOHN R. FOGLER, Admr.

*Filed at Mt. Vernon January 25, 1886.*

FORMER JUDGMENT—*judgment in forcible detainer adverse to a purchaser on foreclosure—as a bar to a writ of assistance in the same foreclosure suit.* A decree of foreclosure of a mortgage required the parties in possession, in case of a sale, on the production of the master's deed of conveyance and a certified copy of the order of the court confirming report of sale, to surrender possession to the purchaser. The purchaser, without producing such deed and certified copy of the order, brought forcible detainer against the party in possession, and judgment was rendered therein against the plaintiff: *Held,* that such judgment was no bar to an application by the purchaser to the court for a writ of assistance to put him in possession, after complying with the terms of the decree. Until the purchaser had produced the master's deed and a certified copy of the order confirming the sale, his right to possession under the decree had not accrued, and so it could not be barred by the judgment in the prior suit.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. ASHCRAFT & STILLMAN, for the appellant:

When appellee received the master's deed he had a legal right to the possession of the lands therein described, and to enforce that right he had various remedies. He could proceed by taking out a writ of assistance, or under the Forcible Entry and Detainer act. Either remedy was complete and adequate. The one is no broader than the other, and establishes no rights that the other would not determine.

To obtain a writ of possession certain facts must be proven to the satisfaction of the court or judge granting the same. (*Bruce* v. *Roney,* 18 Ill. 74; *Smith* v. *Brittenham,* 3 Bradw. 64.) The same facts, if presented in an action of forcible detainer, would entitle the plaintiff to recover. The two remedies are

concurrent. (*Kessinger* v. *Whittaker*, 82 Ill. 24.) Appellee elected to pursue the latter remedy, and suffered judgment to go against him in bar of his rights, which is still in force.

A judgment at law in any form of action is conclusive upon the parties upon all questions and rights involved in the litigation, if the court pronouncing the same had jurisdiction. *Hawley* v. *Simmons*, 102 Ill. 115 ; *Tilly* v. *Bridges*, 105 id. 336 ; *Sturdy* v. *Jackaway*, 4 Wall. 174 ; *United States* v. *Nourse*, 9 Pet. 8.

The justice had jurisdiction and a right to decide any and every question which arose in the cause, and whether his judgment was correct or otherwise, until reversed it is binding in every other court. *Elliot* v. *Peirsol*, 1 Pet. 329 ; *Zimmerman* v. *Zimmerman*, 15 Ill. 84 ; *Miles* v. *Caldwell*, 2 Wall. 35 ; *Thompson* v. *Roberts*, 24 How. 233 ; 2 Wait's Actions and Defences, 767 ; *Sanger, Camp et al.* v. *Fincher*, 27 Ill. 346 ; *Rogers* v. *Higgins*, 57 id. 244 ; *Kelly* v. *Donlin*, 70 id. 378.

When a party has a choice of remedies, selects one, and proceeds to judgment, he can not afterwards proceed in another suit for the same cause of action. *Kendall* v. *Stokes*, 3 How. 87 ; *Thompson* v. *Howard*, 31 Mich. 312 ; *Jenkins* v. *International Bank*, 111 Ill. 462 ; *Flowers* v. *Brown*, 21 id. 270.

Messrs. CARROLL & FOGLER, and Mr. JAMES M. TRUITT, for the appellee :

The proceedings by forcible detainer and by writ of assistance are concurrent remedies, in the sense that they both should give possession, but not otherwise. The one is for the purpose of obtaining a judgment, and the other to obtain an execution of a decree or judgment. *Howard* v. *Bond*, 42 Mich. 131 ; *Burton* v. *Lies*, 31 Cal. 87.

The first judgment rendered, which in this case is the decree commanding appellant to surrender possession to appellee, must control. *Child* v. *Powder Works*, 45 N. H. 457 ; *Duffy* v. *Lytle*, 5 Watts. 130 ; *Casebean* v. *Mowry*, 55 Pa. St. 422.

As there has been no satisfaction of the right of appellee to the possession of the premises in controversy, we submit that the suit before the justice of the peace can not be interposed as a bar in this case. *Planters' Bank* v. *Calvit*, 3 S. & M. 133; *Vansant* v. *Allmon*, 23 Ill. 30.

A purchaser must comply with the decree before being entitled to a writ of possession. *Oglesby* v. *Pierce*, 68 Ill. 220; *O'Brien* v. *Fry*, 82 id. 87.

If different proofs be required to sustain two actions, a judgment in one of them is no bar to the other. Freeman on Judgments, sec. 259.

Mr. JUSTICE TUNNICLIFF delivered the opinion of the Court:

At the September term, 1882, of the circuit court of Fayette county, the appellee, as administrator of the estate of Samuel Fogler, deceased, obtained a decree for the foreclosure of a mortgage given by appellant and his wife to said Samuel Fogler in his lifetime. The decree found the amount due appellee to be $2567.55, and in default of payment directed the master in chancery to sell, and apply the proceeds to the payment of the costs, attorneys' fees and amount due appellee. The land was sold by the master and bid in by appellee for $2786.42, and not having been redeemed, a deed was made to him, in pursuance of the decree, on the 21st day of February, 1884. Appellant and his wife resided upon the land at the time of the sale, and prior thereto, and have continued to do so ever since. On the 9th of May, 1884, appellee made a demand in writing upon appellant for the possession of the premises, and on the 19th of the same month began a suit of forcible detainer, before a justice of the peace, to obtain possession of the land. Upon the trial of this action the justice found the appellant not guilty of wrongfully withholding the possession of the premises from appellee, and that appellee was not entitled to the possession thereof, and rendered judgment against appellee for costs, which was not

appealed from.   After the trial of the case before the justice,
appellee made application to the circuit judge, at chambers,
for a writ of assistance to place him in possession of the land
by reason of the foreclosure proceedings, and of the order of
the court in the decree of sale, which is as follows:

"And it is further ordered, adjudged and decreed, that upon
the execution and delivery of the conveyance or conveyances
as aforesaid, the said purchaser or purchasers, his or their
representatives or assigns, be let into possession of the por-
tion of said mortgaged premises so conveyed to him or them,
and that any of the parties in this cause who may be in pos-
session of said premises, or any portion thereof,   *   *   *
on the production of the master's deed of conveyance and a
certified copy of the order of this court confirming the report
of said sale, shall surrender possession thereof to such pur-
chaser or purchasers, their representatives or assigns, and on
refusal so to do will be considered in contempt of this court."

Appellant resisted this application, and interposed the pro-
ceedings in the forcible detainer suit as a bar thereto.   The
circuit judge ordered the writ of assistance to issue, from
which order appellant appealed to the Appellate Court for
the Fourth District, and that court affirmed the order of the
circuit judge, and appellant brings the case to this court.

The only questions presented are, whether the proceeding
in the forcible detainer suit was a bar to the granting of the
writ of assistance, or was a matter of such a character aris-
ing since the rendition of the decree regarding the delivery
of the possession of the premises to appellee, as to make it
unjust and erroneous for the circuit judge to have awarded
the writ.

It appears from the evidence in the case, that at the time
of the commencement of the forcible detainer suit the ap-
pellee had not produced to appellant "the master's deed of
conveyance, and a certified copy of the order   *   *   *   con-
firming the report of said sale," as required by the decree of

sale.    We are of opinion that the action of forcible detainer was not a bar to appellee's right to apply for and obtain this writ.    That suit could not bar any right not then in existence, and in regard to which no issue was made before or tried by the justice in that proceeding.    Appellee had no right to apply to the circuit judge for this writ until he had complied with the decree, by presenting to appellant the master's deed of the premises, with a certified copy of the order of the court confirming the report of the sale.    Until he had done this his right to the possession under the decree had not accrued.

The case of *Flowers* v. *Brown, Admr.* 21 Ill. 270, relied upon by appellant, is not an authority to show that the writ of assistance was improperly granted in this case.    In that case the mortgagor, after the decree of sale, had entered into a contract for the purchase of the mortgaged premises; had obtained further time for payment; had paid part of the purchase money and the mortgage.    The complainant in the foreclosure suit had promised to make a deed upon payment of the balance, and having thus acquired a new right to hold the premises, it was held erroneous to issue a writ to turn him out of possession until his right to a specific performance could be determined.    In that case, new facts had arisen after the decree, which would have rendered it unjust and inequitable to execute that part of the decree which required the mortgagor to surrender the possession.    In this case nothing has occurred since the decree which gives to the mortgagor any just grounds for withholding from appellee the possession of the premises.    His right to redeem the premises from the sale had expired, and his only pretence for retaining the possession is based entirely upon the supposed advantage which the decision of the justice in the forcible detainer suit gives him.    This, as we have seen, is more imaginary than real, and affords no ground for preventing a court of chancery from executing its decree, as right and justice demand.    As was said in *Aldrich* v. *Sharpe*, 3 Scam. 261:

"It is a well established principle, that when a court of chancery obtains jurisdiction of the subject matter of a suit, it will retain the jurisdiction, to the end that complete justice may be done between the parties. It has the power to decree a sale of the mortgaged premises, and thereby pass the title to the purchaser, and will put him in possession, instead of driving him to his action of ejectment. It would be but partial justice to adjudicate upon the rights of the parties, and vest the title in the purchaser, without affording a remedy to carry the adjudication into full effect. The court having the power to dispose of the title, has the right to control the possession." And it can not be objected that the case is no longer *lis pendens* after a decree and sale, and a conveyance executed, because the court of chancery is not *functus officio* until the decree is executed by delivery of possession. *Kessinger* v. *Whittaker et al.* 82 Ill. 22; *Jackson* v. *Warren*, 32 id. 340.

We find no error in the record or merits in the appellant's case, and the judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*