## Vahle et al. v. Braeckensick.

1. *Foreclosure Proceedings—Forcible Entry and Detainer—Writ of Assistance—Concurrent Remedies.*—The purchaser of lands under a decree of foreclosure may obtain possession by a writ of assistance from the court which rendered the decree, or by an action of forcible entry and detainer under the statute. These are concurrent remedies, and both may be resorted to and prosecuted until possession is obtained through one or the other.

2. *Judges—Right to Preside.*—Either of the three judges of the circuit may lawfully preside in any county in the circuit, for the whole or during only a part of the term or of any day of the term.

3. *Judges Presiding at a Term of the Circuit Court—Presumption.*— Where the convening order of the term shows that one of the judges presided at the opening of the court at the beginning of the term, or any day thereof, and a decree rendered at such term appears to be the judicial act of another judge, the presumption is not that both were presiding at the time, but that each presided at such times during the day as he lawfully should in order to perform the judicial act shown by the record to have been performed by such judge. ·

**Memorandum.**—Application for a writ of assistance. Appeal from an order of the Circuit Court of Adams County, allowing the writ; the Hon. OSCAR P. BONNEY, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October, 17, 1892.

### APPELLANTS' STATEMENT OF THE CASE.

This is a proceeding instituted by a defendant in a mortgage foreclosure proceeding, who had received a master's deed for the premises sought to be foreclosed, in the nature of a petition praying the court for a writ of assistance against the appellants, who were in possession, claiming to hold the premises under a lease made by the mortgagee's wife before foreclosure proceedings had been instituted.

The foreclosure proceeding terminated in the June term, 1891, of the Circuit Court, and in the month of September, 1891, appellee, in an action of forcible detainer before a justice of the peace, recovered a judgment for the premises in controversy. From this judgment, appellants appealed to the October term, 1891, of the Circuit Court, where, with a trial

before the court and jury, a judgment was rendered in favor of appellants, and this judgment remains, and now is in full force and effect in said court. Thereupon and thereafter the appellee entered his motion to redocket this foreclosure proceeding, notice of such redocketing being given to appellants, and filed his petition praying for a writ of assistance. Appellants, by way of demurrer and plea, set up the defense of a former recovery before the same court at the same term, and the court went into the hearing of said cause and awarded the appellee the writ prayed for and rendered the decree appealed from.

## APPELLANTS' BRIEF.

The requirements of the statute regarding the jurisdiction of courts over property and person must be complied with, with regard to service of process. Cast v. Rose, 17 Ill. 276; Boyland v. Boyland, 18 Ill. 551; Tompkins v. Whittinger, 556 Ill. 385; Piggott v. Snell, 59 Ill. 106; Greenwood v. Murphy, 131 Ill. 604; Hessler v. Wright, 8 Brad. 229; Sconce v. Whitney, 47 Ill. 413; Wilhite v. Pearce, 12 Ill. 150.

Should a writ of assistance become necessary to put the appellee in possession of the premises, he should be required to present the facts requiring the assistance, so that the court itself may judge of the propriety of awarding the writ; and in the petition of appellee it does not appear that appellant was served with process of summons. Bruce v. Rooney, 18 Ill. 74; Smith v. Brittenham, 3 Brad. 64.

Appellee was not entitled to his writ of assistance until he offered evidence of a valid judgment against appellant. This principle has been applied in cases where title has been derived from judicial sales. Johnson v. Baker, 38 Ill. 98; Kratz v. Buck, 111 Ill. 40.

A judgment in any form of action is conclusive upon the parties upon all questions and rights involved in the litigation if the court pronouncing the same had jurisdiction. Hawley v. Lemmons, 102 Ill. 115; Tilly v. Bridges, 105 Ill. 336; Sturdy v. Jackaway, 4 Wall. (U. S.) 174; United States v. Nourse, 9 Pet. (U. S.) 8.

The Circuit Court had jurisdiction to decide any and every question under the forcible detainer act, and whether said judgment was correct or otherwise, until reversed, it was binding in every other court. Elliot v. Piersol, 1 Pet. (U. S.) 329; Zimmerman v. Zimmerman, 15 Ill. 84; Miles v. Caldwell, 2 Wall. (U. S.) 35; Thompson v. Roberts, 24 How. (U. S.) 233; 2 Wait's Actions and Defenses, 767; Sanger & Camp et al. v. Fincher, 27 Ill. 346; Rogers v. Higgins, 57 Ill. 244; Kelly v. Donlin, 70 Ill. 378.

And when a party has the choice of remedies, selects one and proceeds to judgment, he can not afterward proceed in another suit for the same cause of action. Kendall v. Stokes, 3 How. (U. S.) 87; Thompson v. Howard, 31 Mich. 312; Jenkins v. International Bank, 111 Ill. 462; Flowers v. Brown, 21 Ill. 270.

L. H. Berger, appellants' attorney.

## Appellee's Brief.

The Circuit Court had full authority and jurisdiction to award the writ of assistance or possession against appellants to put appellee in possession of the premises purchased at the sale under the decree of foreclosure. The proceeding was not a new suit, but only a further step in the foreclosure suit. Freeman on Executions, 2d Ed., Sec. 37 d, 37 e; Oglesby v. Pierce, 68 Ill. 220, and cases there cited; O'Brien v. Fry, 82 Ill. 87; Kessinger v. Whittaker, 82 Ill. 22; Aldrich v. Sharp, 3 Scam. 261.

The remedies given to a purchaser of land, under a decree of foreclosure, by writ of assistance or possession and by forcible detainer, are concurrent, and both may be pursued until satisfaction is had. And the pendency on appeal of a forcible detainer suit for possession can not be set up in abatement of a motion for a writ of possession in the original cause. Kessinger v. Whittaker, 82 Ill. 22.

Judgment in a forcible detainer case, adverse to the purchaser at a foreclosure sale, claiming under the master's deed, is not a bar to a writ of assistance in the foreclosure suit.

when at the time of the institution of the forcible detainer case the plaintiff as such purchaser had not produced to the parties in possession the master's deed and a certified copy of the decree. Cochran v. Fogler, 116 Ill. 194.

CARTER, GOVERT & PAPE, solicitors for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

This was an application by the appellee for a writ of assistance under a decree of foreclosure to put him in possession of certain premises in the decree involved, as the holder of a master's deed under the decree. The court below awarded the writ. The appellants urge that it ought not have been granted, because—

First. That the appellant Frederick A. Vahle was not served with process in the foreclosure proceeding.

Second. That prior to the application for the writ of assistance the appellee had instituted an action of forcible detainer, under the 6th clause of the 2d section of the Forcible Entry and Detainer Act, and had been defeated in such action, which appellants claim constituted a bar or estoppel of the application for the writ of assistance.

The amended record, filed by leave of this court, shows that the appellant Frederick A. Vahle was duly and lawfully served with summons in the foreclosure proceedings, which disposes of the first of appellants' grounds for reversal. The purchaser of lands under a decree of foreclosure may obtain possession by writ of assistance from the court which rendered the decree, or by an action of forcible detainer under the statute. These are concurrent remedies and both may be resorted to and prosecuted until possession is obtained through one or the other. Kessinger v. Whittaker, 82 Ill. 22.

While the same recovery is sought by both forms of procedure, the preliminary steps required of the plaintiff or moving party are not the same in each. A determination of either in favor of the party in possession would not necessarily bar a further prosecution of the other because

such might result from a failure to comply with the decree or the statute in a mere preliminary requirement. At the time of the commencement of the action of forcible detainer the appellee had not produced to the appellant the master's deed or certified copy of the decree or order of the court, as required by the decree, before a writ of assistance could issue.

So, when the action of forcible detainer was instituted, the appellee had no right to a writ of assistance, and such action could not bar a right that had no existence when the action was instituted. Cochran v. Folger, 116 Ill. 194.

The right to a writ of assistance inured after the institution of this forcible detainer suit and existed wholly independent of and unaffected by the unfavorable result of such suit, though only one recovery can be allowed.

It is suggested that it appears from the transcript that the decree was rendered by one having no judicial authority to do so, or that two judges of the court were presiding over the same court at the same time, which they could not lawfully do.

In the absence of competent proof to the contrary, we must presume that the decree certified to us by the clerk of the Circuit Court as the decree of that court was rendered by one having judicial authority so to do.

Either of the three judges of the circuit may lawfully preside in any county in the circuit for the whole or during only a part of the term or of any day of the term.

When the convening order shows that one of the judges presided at the opening of the court at the beginning of the term, or any day thereof, and the decree appears to be the judicial act of another of such judges, the presumption is not that both were presiding at the same time, but that each presided at such times during the day or term as he lawfully should in order to perform the judicial act shown by the record to have been performed by such judge.

The order of the court awarding the writ of assistance was correct, and is affirmed.