FREDERICK A. VAHLE *et al.*

*v.*

BERNARD H. BRACKENSEIK.

*Filed at Springfield, April 3, 1893.*

1. CHANCERY—*power to re-docket foreclosure suit and enter new orders.* A court of equity has the power to re-docket a suit for the foreclosure of a mortgage as against the parties thereto, and enter such order as may be necessary to execute its decree by the delivery of possession of the premises to the purchaser on his serving a copy of the decree and making proper demand, where no new rights have been acquired by the defendants since the entry of the original decree.

2. WRIT OF ASSISTANCE—*application for, not a new suit.* An application by the purchaser of land sold under a decree of foreclosure, for

the writ of assistance to put him in possession of the land, is not the institution of a new suit, but is auxiliary or incidental to the decree previously entered, whereby the rights of the parties have become fixed and determined.

3. SAME—*not barred by forcible entry and detainer suit.* A suit of forcible entry and detainer, brought by the purchaser of land at a foreclosure sale for possession, and judgment therein, constitute no bar to an application for a writ of assistance afterward made upon compliance with the decree of the court requiring him to serve on the occupant a copy of the decree, which had not been served at the time of the institution and trial of the forcible detainer suit.

4. JUDICIAL COGNIZANCE—*as to judges and organization of courts.* The Appellate Court, as well as this court, will take judical notice of who are the judges of the various courts of record of the State, and of their terms of office, and the organization and jurisdiction of such courts. The court of its own motion will advise itself, so as to verify matters of which it is required to take judicial notice.

5. APPEALS AND WRITS OF ERROR—*leave to file amended record.* Leave to file an amended record on suggestion of a diminution of the record, is proper without notice to the opposite party or the issuance of a writ of *certiorari.* Parties in the Appellate Court, the same as in this court, are bound to take notice of the steps taken in the cause; and when an amended record is made and properly certified and ready to be filed, the issuance of a *certiorari* is unnecessary.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding.

Mr. L. H. BERGER, for the appellants:

It was error to allow the filing of the amended record without notice to the appellee:   *In re* Guernsey, 21 Ill. 443; or without the issue of a writ of *certiorari* on suggestion of a diminution. *Boynton* v. *Champlin,* 40 Ill. 63; *Flagler* v. *Crow,* 40 id. 70; *Ballance* v. *Leonard,* 40 id. 72; *Von Glahn* v. *Von Glahn,* 40 id. 73.

Should a writ of assistance become necessary to put the appellee in possession of the premises, he should be required to present the facts requiring the assistance, so that

the court itself may judge of the propriety of awarding the writ; and in the petition of appellee it does not appear that Frederick A. Vahle, appellant, was served with process of summons. *Bruce* v. *Rooney*, 18 Ill. 74; *Smith* v. *Brittenham*, 3 Bradw. 64.

Appellee was not entitled to his writ of assistance until he offered evidence of a valid judgment against appellant. This principle has been applied in cases where title has been derived from judicial sales. *Johnson* v. *Baker*, 38 Ill. 98; *Kratz* v. *Buck*, 111 id. 40.

A judgment in any form of action is conclusive upon the parties upon all questions and rights involved in the litigation, if the court pronouncing it had jurisdiction. *Hawley* v. *Simmons*, 102 Ill. 115; *Tilley* v. *Bridges*, 105 id. 336; *Sturdy* v. *Jackway*, 4 Wall. 174; *U.S.* v. *Nourse*, 9 Pet. 8.

The Circuit Court had jurisdiction to decide any and every question under the Forcible Detainer act, and whether said judgment was correct or otherwise, until reversed, it was binding in every other court. *Elliott* v. *Piersol*, 1 Pet. 329 *Zimmerman* v. *Zimmerman*, 15 Ill. 84; *Miles* v. *Caldwell*, 2 Wall. 35; *Thompson* v. *Roberts*, 24 How. 233; 2 Waite's Actions and Defenses,767 ; *Sanger & Camp et al.*v. *Fincher*, 27 Ill. 346; *Rogers* v. *Higgins*, 57 id. 244; *Kelly* v. *Donlin*, 70 id. 378.

And when a party having the choice of remedies, selects one and proceeds to judgment, he can not afterward proceed in another suit for the same cause of action. *Kendall* v. *Stokes* 3 How. 87; *Thompson* v. *Howard*, 31 Mich. 312; *Jenkins* v. *International Bank*, 111 Ill. 462; *Flowers* v. *Brown*, 21 id. 270.

An action of forcible detainer under the specification of said sixth clause lies only against a party to such judgment or decree. *Kingsbury* v. *Perkins*, 15 Bradw. 240.

And the same doctrine holds good in a proceeding for a writ of assistance.

Messrs. CARTER, GOVERT & PAPE, for the appellee:

When the clerk sends up the amended record there is no need for a writ of *certiorari*. *Bergan* v. *Riggs*, 40 Ill. 61.

Appellants being in court were bound to take notice of motions of this character. *Smith* v. *Propeller Niagara*, 40 Ill. 112.

The court will take judicial notice that O. P. Bonney was judge of the Circuit Court in the Sixth Circuit. *Graham* v. *Anderson*, 42 Ill. 514; *Stout* v. *Slattery*, 12 id. 162; *Rock Island Co.* v. *Steele*, 31 id. 543; *Andrews* v. *Knox Co.*, 70 id. 65; *Hangsleben* v. *People*, 89 id. 164.

The Circuit Court had full authority and jurisdiction to award the writ of assistance or possession against appellants to put appellee in possession of the premises purchased at the sale under the decree of foreclosure. The proceeding was not a new suit, but only a further step in the foreclosure suit. Freeman on Executions, 2d Ed., §37d, 37e; *Oglesby* v. *Pearce*, 68 Ill. 220, and cases there cited; *Obrian* v. *Fry*, 82 id. 87; *Kessinger* v. *Whittaker*, 82 id. 22; *Aldrich* v. *Sharp*, 3 Scam. 261.

The remedies given to a purchaser of land under a decree of foreclosure, by writ of assistance or possession and by forcible detainer, are concurrent, and both may be pursued until satisfaction is had. And the pendency on appeal of a forcible detainer suit for possession can not be set up in abatement of a motion for a writ of possession in the original cause. *Kessinger* v. *Whittaker*, 82 Ill. 22.

A final judgment in a forcible detainer case, adverse to the purchaser at a foreclosure sale claiming under the master's deed, is not a bar to a writ of assistance in the foreclosure suit, when at the time of the institution of the forcible detainer case the plaintiff, as such purchaser, had not produced to the parties in possession the master's deed and a certified copy of the decree. *Cochran* v. *Fogler*, 116 Ill. 194.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an application made to the Circuit Court of Adams county, to re-docket a cause lately pending therein, which being allowed, appellee thereupon moved for a writ of assistance. The original cause was a proceeding in chancery, by John H. Duker *et al.* against appellants and others, in said court, to foreclose a mortgage upon certain lands, etc., in which a decree of foreclosure and sale was rendered, and containing the usual order for a deed, and the delivering up of the mortgaged premises, upon production, to the parties in possession, of such deed if no redemption should be made, etc.

Appellee became the purchaser at the sale, and redemption not having been made, the master made and delivered to him a deed for the premises, which he produced to appellants, and also copy of the decree, and demanded possession, which they refused to surrender. The court awarded the writ of assistance.

It was insisted in the Appellate Court that the record did not show service upon the appellant, Vahle, in the original proceeding, whereupon appellee suggested diminution of the record, and asked leave to file additional record, which was allowed by that court.

Subsequently appellant moved to strike the amended record from the files, which motion was overruled; and this action of the Appellate Court is assigned as error.

The amended record was duly certified by the clerk of the Circuit Court of Adams county, and shows service upon Vahle, and all parties in interest. The ground upon which it is urged that the Appellate Court erred, is that the amended record was permitted to be filed instanter, without notice to appellants, and without the issuance of *certiorari*. The practice adopted by the Appellate Court was entirely proper and consistent with the uniform practice in this court. Appellants being in court, were bound to take notice of the steps taken in the cause. But if this were not so, it is ap-

parent they had notice of the filing of the amended record, and were heard on their motion to strike it from the files. When the amended record has been made and properly certified, and ready to be filed, the issuance of a *certiorari* is unnecessary, and its issue would entail unnecessary expense. The court should, having proper care that the parties be not prejudiced, allow the record to be filed without the writ. *Rowley* v. *Hughes*, 40 Ill. 71; *Bergan* v. *Riggs*, id. 62.

It is also objected, that it appears from the transcript that the decree confirming the deed was rendered by one having no judicial authority, or that two judges of the court presided in the same court at the same time. The convening order of the Circuit Court of Adams county, at the June term, 1891, shows that the Hon. Wm. Marsh was present as the presiding judge. The decree was rendered on the 3d day of July, 1891, one of the days of said June term of said court, and appears to have been signed by and rendered by Oscar P. Bonney.

The Appellate Court, as well as this court, will take judicial notice of who are the judges of the various courts of record of the State, and of their terms of office, and the organization and jurisdiction of such courts. *Russell* v. *Sargeant*, 7 Ill. App. 98; *Ellsworth* v. *Moore*, 5 Ia. 486; *Upton* v. *Paxton*, 72 id. 295; *Tucker* v. *State*, 11 Md. 322; *Ex parte Peterson*, 33 Ala. 74; *Kilpatrick* v. *Com.*, 31 Pa. St. 198.

The court of its own motion will advise itself, so as to verify matters of which it is required to take judical notice. *City of Rock Island* v. *Cuinely*, 126 Ill. 408; 1 Greenlf. on Ev. 4–6. We are required, therefore, to take judicial notice that the Hon. Wm. Marsh was one of the judges of the sixth judicial circuit, in which said county of Adams is situated, when the June term, 1891, of said circuit convened, and that on the 3d of July, 1891, the day of the entry of said decree, his term of office had expired, and

that Oscar P. Bonney, who purports to have rendered said decree as judge of said court, was his successor in office.

It is next objected that prior to the application for the writ of assistance appellee had brought forcible detainer under the sixth clause of the Forcible Detainer act, in which judgment had been rendered for appellant. The contention is, that appellee is thereby barred from obtaining the assistance of the court of equity, and the court erred in awarding the writ. The application for the writ was not the institution of a new suit, but was auxiliary or incidental to the decree previously entered, whereby the rights of the parties had become fixed and determined. The holding in this case conformed to the rule stated in *Oglesby* v. *Pearce*, 68 Ill. 220, and cases there cited. Appellee, as grantee in the master's deed, showed by affidavits filed that after the confirmation of the deed, and on the 9th day of December, 1891, he produced said deed to appellants, and demanded possession of the premises, and afterwards, on December 26, 1891, delivered to appellants, and each of them, a copy of the decree for sale, etc., entered in said cause, and again demanded possession of said premises.

The forcible detainer proceeding was commenced August, 27, 1891. It is clear, therefore, that the right of appellee to the writ of assistance, shown on this hearing, had not accrued at the time of the institution or trial of the forcible detainer suit. He had not then complied with the decree, by producing to appellants said master's deed, or served them with a copy of said decree as therein provided. There is no pretense that the question of appellee's right to the possession of said premises, after complying with the decree, was litigated in the forcible detainer proceeding. This precise question was before us, and determined in *Cochran* v. *Fogler*, 116 Ill. 194, and that case is conclusive of the point. We are of opinion that the judgment in forcible detainer did not bar appellee's right to the writ

of assistance, upon his subsequently complying with the decree. No new rights had been acquired by appellants since the rendition of the original decree, and the court was empowered, as against the parties to that proceeding, to re-docket the cause, and enter such order as was necessary to execute its decree by the delivery of possession of the premises, etc. *Kessenger* v. *Whittaker et al.,* 82 Ill. 22; *Aldrich* v. *Sharp,* 3 Scam. 261; *Jackson* v. *Warren,* 32 Ill. 340. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*